# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-18-0006-003-F |
| ) | CIV-20-473-F |
| JUAN CARLOS BERNAL ) | |
| SALAZAR, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant, Juan Carlos Bernal Salazar, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. Doc. no. 341.[1] Plaintiff, United States of America, has responded to the motion. Doc. no. 343. Defendant has filed a reply. Doc. no. 344. The matter is at issue.

I.

*Procedural History*

On January 16, 2018, defendant was charged by indictment with conspiracy to possess with intent to distribute and distribute methamphetamine (Count 1), distribution of methamphetamine and aiding and abetting (Count 26, Count 27 and Count 29), possession of methamphetamine with intent to distribute (Count 30), possession of a firearm in furtherance of a drug trafficking crime (Count 31), alien in possession of a firearm (Count 32), and maintaining a drug-involved premises (Count 33). Doc. no. 111. Pursuant to a plea agreement, defendant pleaded guilty

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

to two counts of the indictment – Count 30 and Count 32 – on October 4, 2018. Doc. nos. 252, 253, 254 and 255.

Count 30 charged that, on or about December 13, 2017, in the Western District of Oklahoma, defendant, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Scheduled II controlled substance, all in violation of 21 U.S.C. § 841(a)(1), the penalty for which is found at 21 U.S.C. § 841(b)(1)(A).  Doc. no. 111, p. 18.

Count 32 charged that, on or about December 13, 2017, in the Western District of Oklahoma, defendant, then being an alien illegally and unlawfully in the United States, knowingly possessed a firearm, namely: a Glock, model 21, .45 caliber handgun, bearing serial number YBX434, which was in and affecting interstate commerce in that the firearm had previously crossed state lines to reach the state of Oklahoma, all in violation of 18 U.S.C. § 922(g)(5), the penalty for which is found at 18 U.S.C. § 924(a)(2).  Doc. no. 111, p. 19.

A final presentence investigation report was prepared by the Probation Office on March 20, 2019.  Doc. no. 285.  Count 30 and Count 32 were grouped together for guideline calculation purposes under U.S.S.G. § 3D1.2(c), and because Count 30 generated the highest offense level of the counts, it was the applicable offense level for the counts pursuant to U.S.S.G. § 3D1.3(a).  *Id*., p. 21.  Defendant was held responsible for a total of 54.432 kilograms of methamphetamine, resulting in a base offense level of 38.  *Id*.  Enhancements for possession of a firearm and maintaining a drug-involved premises resulted in an adjusted offense level of 42.  *Id*.  With a three-level adjustment for acceptance of responsibility, defendant's total offense level was 39.  *Id*., p. 22.  A total offense level of 39, combined with a criminal history category of I, resulted in an advisory sentencing guideline range of 262-327 months of imprisonment.  *Id*., p. 28.

The court held a sentencing hearing on May 10, 2019. Doc. no. 298. The court, upon motion from defendant, varied downward from the advisory sentencing guideline range and sentenced defendant to 240 months' imprisonment. Doc. nos. 300 and 301. The other counts charged against defendant were dismissed. Doc. no. 299.

Although his plea agreement contained a waiver of appellate rights, defendant filed a notice of appeal. Doc. no. 302. Plaintiff moved to enforce the appeal waiver pursuant to United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curium). The Tenth Circuit granted plaintiff's motion and dismissed the appeal. Doc. no. 324.

Defendant timely filed the instant § 2255 motion.[2]

## II.

*Discussion*

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court laid out the framework for an ineffective assistance of counsel claim. Under it, defendant must show (1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness," *id*. at 687-88, and (2) the deficient performance prejudiced the defendant's defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If the defendant fails to make a sufficient showing at either step of the analysis, the court must deny the alleged ineffective assistance of counsel claim. *Id*. at 697.

---

[2] As plaintiff noted in its response, defendant, in his plea agreement, waived his right to collaterally challenge under § 2255 his conviction or sentence, except with respect to claims of ineffective assistance of counsel. *See*, doc. no. 254, p. 8, ¶ 10(c). Based upon that waiver, plaintiff objects to any attempt by defendant to raise substantive claims, other than the ineffective assistance of counsel claims. The court construes defendant's motion as raising four distinct ineffective assistance of counsel claims.

3

Defendant claims that his defense counsel was constitutionally ineffective in four ways: (1) failure to have suppressed illegally obtained evidence; (2) failure to have demonstrated a factually sufficient basis for the guilty plea; (3) failure to have established defendant's involvement in a conspiracy to possess with intent to distribute methamphetamine; and (4) failure to have proved the elements of a crime under 18 U.S.C. § 922(g)(5).[3]

As to his first claim, the court finds defendant cannot demonstrate that defense counsel performed deficiently in failing to seek suppression of evidence obtained against him. Defendant, in a memorandum in support of his motion, asserts:

> In executing an arrest warrant on [defendant], police officers forcibly entered the residence and seized [defendant] and another co-defendant. The residence [] [was] also occupied by other residents, whose dwelling quarters were locked, due to them not being present. Officers proceeded to knock down doors without a search and seizure warrant, upon which a firearm and narcotics were found. The officers were only armed with a body attachment warrant, not a search and seizure warrant.
>
> The search-and-seizure was illegal because no one consented to the search, and the illegal search and seizure [] cannot be [excused] under the "[p]lain view doctrine[,]" because the incriminating nature of the firearm, and narcotics [was] not immediately apparent to the officers when making the arrests.

Doc. no. 341-1, pp. 3-4.

---

[3] In his reply brief, defendant also claims that his counsel was constitutionally ineffective for failure to file a motion to suppress plaintiff's statements to law enforcement and failure to seek reinstatement of his direct appeal rights. Doc. no. 344, pp. 10 and 16. He also claims counsel was ineffective during plea negotiations. *Id.*, p. 12. The court declines to address these claims because they were raised for the first time in the reply brief. *See*, United States v. Lee Vang Lor, 706 F.3d 1252, 1256 (10th Cir. 2013) (movant waived § 2255 claim raised for the first time in a reply brief).

The record reflects that police officers had more than a "body attachment warrant" when they arrested defendant and searched the residence where defendant was staying.  The officers had a federal search and seizure warrant for the residence, specifically authorizing them to search for illegal controlled substances, including methamphetamine, and firearms inside the residence.  *See*, doc. no. 343-5.[4]  Consequently, because the methamphetamine and firearm were seized pursuant to a lawfully executed search and seizure warrant, defense counsel did not perform deficiently by failing to seek to have that evidence suppressed.

With respect to the second claim, the court finds that defendant likewise cannot demonstrate deficient performance by defense counsel.  Defendant asserts that there was no factual basis for his guilty plea, specifically, that he committed all of the elements of the alleged drug offenses.  According to defendant, the "[c]orpus delecti doctrine," doc. no. 341-1, p. 7, requires that his conviction rest upon more than his uncorroborated confession.  Defendant contends that plaintiff was required to adduce independent corroborating evidence to show he committed all elements of the offenses.  He argues that mere association with co-conspirators or presence at the criminal scene is insufficient to establish knowing participation in the conspiracy.

Initially, the court notes that defendant did not plead guilty to the drug conspiracy charged in the indictment—Count 1.  He pleaded guilty to possession with intent to distribute methamphetamine—Count 30.  The court concludes that a sufficient factual basis existed for his guilty plea to Count 30.

---

[4] In his reply brief, defendant argues that the search and seizure warrant has no return date. However, the record reflects that the warrant was executed on December 13, 2017 at 6:00 a.m. Doc. no. 343-5, p. 2.  He also argues that plaintiff has never presented his arrest warrant.  The record reflects both the issuance and return of the arrest warrant on defendant.  Doc. nos. 5 and 62. Defendant was arrested the same day as the search and seizure warrant was executed.  Doc. no. 62.  A special agent of the Federal Bureau of Investigation submitted a criminal complaint and affidavit to support the issuance of the arrest warrant.  Doc. no. 1.

At the plea hearing, plaintiff set forth the elements of the offense and then examined defendant as to the factual basis for the plea to the offense.  Defendant admitted that (1) on December 13, 2017, he knowingly and intentionally possessed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) he possessed that methamphetamine in the Western District of Oklahoma; and (3) he possessed that methamphetamine with intent to distribute it.  Doc. no. 343-4, pp. 17 and 18.

The court rejects defendant's argument that under the corpus delicti doctrine, his guilty plea cannot be supported by his admissions.  According to the corpus delicti doctrine or rule, "[a]n extrajudicial confession will not alone support a judgment of conviction.  It must be corroborated by independent proof of the corpus delicti." Oldstein v. United States, 99 F.2d 305, 305-306 (10th Cir. 1938); *see also*, Kelly v. United States, 246 F.2d 864, 865-866 (10th Cir. 1957) ("It is well settled that a conviction cannot be had when the corpus delicti of an offense is proved solely by the unsupported extra-judicial statements of the accused.").  However, courts addressing the issue have found that the corpus delicti rule is irrelevant when a defendant enters a plea of guilty and admits his guilt under oath in court.  Statements made under oath during a Rule 11 plea colloquy fall outside the ambit of the corpus delicti rule.  *See*, Bush v. United States, Case No. 3:17-3875, 2020 WL 120079, at *3 (S.D. W.Va. Jan. 10, 2020); United States v. Harding, Civil Action No. 7:13cr00008, 2013 WL 1832564, at *3 (W.D. Va. May 1, 2013); *see also*, United States v. Wilson-Crisp, Nos. 11-CR-0122-CVE, 13-CV-0312-CVE-FHM, 2014 WL 1464830, at *20 (N.D. Okla. Apr. 15, 2014) ("By entering a plea of guilty . . . defendant confessed to the charged offenses in the context of a judicial proceeding. His confession was not extrajudicial, and the rule defendant cites is not applicable.").  In the case at bar, defendant admitted his guilt to the drug offense under oath in open court.  It was not an extrajudicial confession.  Thus, defense counsel was not

deficient in failing to require plaintiff to present independent proof of defendant's guilt for that offense.

In his motion, defendant also argues that the court did not inform defendant of the direct appeal waiver in the plea agreement. However, during the plea hearing, the court discussed with defendant paragraph 10 of the plea agreement which set forth the waivers of right to direct appeal and to bring collateral challenge. Defendant affirmed that he had no questions about the appellate and collateral challenge waivers and that he agreed with them. Doc. no. 343-4, pp. 13-15. Defense counsel was not deficient in failing to challenge whether defendant's plea was voluntary based on an alleged absence of the court inquiring into the direct appeal and collateral challenge waivers.

As to the third claim—failure to have established defendant's involvement in a conspiracy to possess with intent to distribute methamphetamine—the court again concludes that defendant cannot establish deficient performance on the part of defense counsel. As stated, defendant did not plead guilty to the drug conspiracy count charged in the indictment. Thus, there was no requirement for plaintiff to have established defendant's involvement in the charged conspiracy. As to Count 30—possession with intent to distribute methamphetamine—defendant's admissions in the Rule 11 plea colloquy were sufficient to establish the elements of the charged offense. As stated, the corpus delicti rule does not apply. Defense counsel was not deficient in failing to challenge the guilty plea with respect to Count 30.

Lastly, with respect to the fourth and final claim, the court finds that defendant cannot establish that defense counsel performed deficiently. Defendant argues that plaintiff failed to prove the elements of the offense of alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). Specifically, defendant argues that plaintiff could not prove that "the firearm found in a house where other persons [] resided, was attributed to [defendant]" or that "[d]efendant knew he belonged to the relevant

7

class of persons barred from possessing firearms." Doc. no. 341-1, p. 15.  As to the former argument, defendant admitted during the Rule 11 plea colloquy that he possessed the firearm.  That admission was conclusive.  United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir. 1988) ("A defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements.") (quotation omitted).  The corpus delicti rule, as previously discussed, does not apply to defendant's admission in open court.

With respect to the latter argument—plaintiff could not prove that defendant knew he belonged to the relevant class of persons barred from possessing firearms, *i.e.* illegal alien—plaintiff concedes that it did not establish during the Rule 11 plea colloquy that defendant knew at the time he possessed the firearm that he was an illegal alien.  However, the decision upon which defendant relies for his argument, Rehaif v. United States, 139 S. Ct. 2191 (2019), had not been issued by the Supreme Court prior to, or at the time of, defendant's plea hearing on October 4, 2018.[5]  Binding Tenth Circuit precedent at the time of defendant's guilty plea did not require plaintiff to prove defendant's knowledge of the fact that he belonged to a relevant category of persons barred from possessing a firearm.  *See*, United States v. Games-Perez, 667 F.3d 1136, 1140 (10th Cir. 2012) ("[T]he only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm.") (quotation and citations omitted).  Defense counsel's failure to anticipate a change in the law by the Supreme Court does not constitute deficient performance.  *See*, Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002) ("Consequently, we have rejected ineffective assistance claims where a defendant faults his former counsel not for failing to find existing law, but for failing to predict future law and have warned that clairvoyance is not a required attribute of effective representation.")

---

[5] The Rehaif decision issued on June 21, 2019, more than one month after defendant's sentencing.

(quotations and citations omitted); *see also*, United States v. Castillo-Olivas, 167 Fed. Appx. 71 (10th Cir. 2006) (failure of counsel to anticipate and inform defendant of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), decided three months after defendant was sentenced, and the subsequent decision in United States v. Booker, 543 U.S. 220 (2005), does not constitute ineffective assistance of counsel) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

In sum and for the reasons stated, the court concludes that defendant's four ineffective assistance of counsel claims fail on their merits.

### III.

### *Evidentiary Hearing*

The court file and record conclusively show that defendant is not entitled to relief under 28 U.S.C. § 2255. A hearing is therefore not warranted. *See*, Sanders v. United States, 373 U.S. 1, 21 (1963) (sentencing court has discretion to ascertain whether claim is substantial before granting full evidentiary hearing in a § 2255 matter).

### IV.

### *Certificate of Appealability*

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review, the court finds that defendant cannot satisfy this standard. The court thus denies a certificate of appealability.

V.

*Conclusion*

Accordingly, defendant, Juan Carlos Bernal Salazar's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 341), is **DENIED**.  A certificate of appealability is also **DENIED**.  Judgment shall issue forthwith.

IT IS SO ORDERED this 11th day of August, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0006p058 (Salazar).docx